UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK S. CLEWIS and PATRICIA E.
CLEWIS,

        Plaintiffs,

    v.

BANK OF AMERICA N.A., and BAC
HOME LOANS SERVICING, LP,

        Defendants.

CASE NO. C11-5077BHS

ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS AND DENYING
PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT

This matter comes before the Court on motion to dismiss of Defendant Bank of
America N.A. ("BANA"), for itself and as successor by merger with Defendant BAC
Home Loans Servicing LP ("BAC") (collectively "BANA") (Dkt. 17); and Plaintiffs
Patrick and Patricia Clewis' ("the Clewises") motion for summary judgment (Dkt. 19).
The Court has reviewed the briefs filed in support of and in opposition to the motions and
the remainder of the file and hereby grants the motion to dismiss and denies the motion
for summary judgment for the reasons stated herein.

## I.  PROCEDURAL HISTORY

On January 27, 2011, the Clewises filed a complaint against BANA alleging
various violations of federal and state laws originating from a mortgage transaction.  Dkt.
1 ("Complaint").

On August 23, 2011, BANA filed a motion to dismiss or, in the alternative, a more definite statement. Dkt. 17. On September 8, 2011, the Clewises responded and moved for summary judgment. Dkt. 19. On September 16, 2011, BANA replied to its motion and responded to the Clewises' motion. Dkt. 20.

## II. FACTUAL BACKGROUND

On or about February 21, 2008, the Clewises obtained a $417,000 mortgage loan ("Loan") to finance the purchase of real property located at 15229 Glacier Vista Lane SE, Yelm, Washington 98597 (the "Property"). Complaint at 36. The Deed of Trust securing the Loan to the Property identifies the Clewises as the borrowers, Ward Lending Group, LLC ("Ward Lending") as the Lender, First America Title Insurance Company as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. Dkt. 18, Declaration of William K. Rasmussen ("Rasmussen Decl.") Ex. A ("Deed of Trust").

On October 25, 2010, MERS recorded a Corporation Assignment of Deed of Trust in Thurston County under Auditor No. 4178440, evidencing the transfer of its beneficial interest in the Deed of Trust to BAC. Rasmussen Decl. Ex. B ("Corporation Assignment of Deed of Trust"). BAC then executed an Appointment of Successor Trustee naming ReconTrust Company, N.A. ("ReconTrust") successor trustee under the Deed of Trust; the Appointment was recorded in Thurston County under Auditor No. 4178441. Rasmussen Decl. Ex. C ("Appointment of Successor Trustee").

BANA claims that the Clewises have defaulted on payments due pursuant to the Loan. Dkt. 17 at 3. On November 3, 2010, ReconTrust recorded a Notice of Trustee's Sale in Thurston County under Auditor No. 4179750, scheduling a sale of the Property for February 4, 2011. Rasmussen Decl. Ex. D ("Notice of Trustee's Sale"). The notice references total arrears of $47,405.84 and ongoing default since September 2009. *Id*. at 2. A sale of the Property has not taken place, and the Notice of Trustee's Sale recorded in November 2010 has expired by operation of the Washington Deed of Trust Act ("DTA").

*See* RCW 61.24.040(6) (a trustee may "continue the sale for a period or periods not exceeding a total of one hundred twenty days").

## III.  DISCUSSION

### A.    Motion to Dismiss

BANA moves to dismiss the Clewises' complaint for failure to state any plausible cause of action against BANA.  Dkt. 17.  The Clewises response is limited to an "objection" to BANA's motion and a request that the Court give the Clewises "instruction of how pleadings are deficient and how to repair pleading, and to give [them] an opportunity to repair pleadings."  Dkt. 19 at 1.  The Court has liberally read the Clewises' complaint and, not being a model of clarity, will address those causes of action that the Clewises seem to assert.

#### 1.    Standard

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 1965.  Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 1974.

### 2. DTA

The Clewises assert that the DTA is unconstitutional. Complaint at 5-9. The Clewises, however, fail to provide a cognizable allegation or argument to support this assertion. Moreover, the Clewises fail to state what constitution, state or federal, the act violates or what clause of a particular constitution is violated. The Clewises merely provide labels and conclusions, which do not state a plausible claim for relief. *Twombly*, 127 S. Ct. at 1964-65. Therefore, the Court grants BANA's motion on the Clewises' claim that the DTA is unconstitutional.

### 3. False Declaration

The Clewises assert a cause of action titled "False Declaration and Notice of Default" that concludes with the allegation that the company initiating the foreclosure is not the holder in due course of the Note. Complaint at 9-10. The Clewises request proof of an executed "declaration of default/ratification of commencement for the non-judicial foreclosure of the [Property]." *Id*. at 10.

In Washington, the non-judicial foreclosure process merely requires that the trustee possess proof that the beneficiary is the owner of the obligation secured by the Deed of Trust. RCW 61.24.030(7)(a). A declaration from the note holder is sufficient. *Id*.

In this case, ReconTrust was appointed as successor trustee and that appointment was recorded with the Thurston County Auditor. The Clewises have failed to make any allegation that the trustee does not possess proof that the beneficiary is not the owner of the obligation secured by the Deed of Trust. Moreover, the Clewises have failed to provide any authority for a cause of action based on a false declaration. Therefore, the Court grants BANA's motion to dismiss this claim because it is not based on a plausible legal theory.

### 4.    Failure of Consideration

The Clewises assert a cause of action for failure of consideration.  Complaint at 10-11.  The Clewises allege that BANA failed to pay "consideration to purchase the [Property] . . . ," and that when there is no consideration "there is no contract and no sale . . . ."  *Id.* at 11.  Even if there was a failure of consideration as to some undefined contract that the Clewises reference, the Clewises have failed to show how they have a private right of action to enforce such a failure of consideration.  Therefore, the Court grants BANA's motion to dismiss the Clewises' cause of action for failure of consideration.

### 5.    Trustee's Actions Void

The Clewises assert a cause of action titled "Appointment & Acts of Trustee Void."  Complaint at 11-13.  The Clewises assert various allegations that the documents regarding appointment and assignment of the successor trustee are fraudulent, void, and invalid.  *Id.*  The Clewises, however, have failed to provide any allegations beyond mere labels and conclusions.  Therefore, the Court grants BANA's motion to dismiss this cause of action.

### 6.    "Show Me the Note"

The Clewises assert numerous claims based on their demand that BANA provide "strict" proof of certain documents.  Complaint at 13-22.  The Court construes these claims as a variation of the "show me the note" cause of action, which is a claim that parties have asserted to prevent otherwise valid non-judicial foreclosure actions until certain documents are produced to the party being foreclosed upon.  *See, e.g., Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276 (W.D. Wash. 2010).[1]  The Court has consistently dismissed these causes of action because they are not based on a plausible

---

[1] The Court's ruling in *Freeston*, 2010 WL 1186276, was affirmed in a Ninth Circuit memorandum opinion (Case No. 09-5560BHS, Dkts. 91, 93).

legal theory. *Id. (quoting Diessner v. Mortgage Electronic Registration Systems*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (collecting cases)).

In this case, the Clewises have failed to assert a plausible cause of action for any failure of BANA to produce any particular document or produce proof of the validity of any particular document before the non-judicial foreclosure may proceed. Therefore, the Court grants BANA's motion to dismiss these claims.

## 7. Truth in Lending Act

The Clewises have attached to their complaint a "forensic audit" of their loan. Complaint, Ex. D. The audit states that it is "based exclusively on the documentation provided." *Id.* at 3. Based on this audit, the Clewises assert a claim for six violations of the Truth in Lending Act ("TILA"). Complaint at 22-23.

Any claim for damages under TILA must be brought within one year of the date of the violation. 15 U.S.C. § 1640(e); *King v. State of California*, 784 F.2d 910, 916-17 (9th Cir. 1986). Courts lack subject matter jurisdiction to hear claims brought outside the limitations period. *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002). The date of the violation is the date a borrower signs loan documents. *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003).

In this case, the Clewises' TILA claim is time barred. The Clewises signed the loan documents in February of 2008 and filed this complaint in January of 2011, which is a time period greater than one year. Therefore, the Court grants BANA's motion to dismiss the Clewises' TILA claim.

## 8. Real Estate Settlement Procedures Act

Based on the forensic audit, the Clewises assert a claim for five violations of the Real Estate Settlement Procedures Act ("RESPA"). Complaint at 23-24. The Clewises also allege that BANA has failed to respond to a qualified written request.

Similar to TILA, the majority of RESPA violations must be brought within one year. *Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 358-60 (5th Cir. 2003); 12 U.S.C. § 2614. However, failure of a loan servicer to respond to a qualified written request for information relating to the servicing of a loan is subject to a three-year statute of limitation. 12 U.S.C. §§ 2605 & 2614.

In this case, the Clewises' RESPA claims are barred by the statute of limitation except for the claim that BANA failed to respond to a qualified written request. The Clewises, however, have failed to allege enough facts to support this particular RESPA claim. For example, the Clewises fail to allege that they made a proper qualified written request to BANA. Therefore, the Court grants BANA's motion to dismiss the Clewises' RESPA claims.

### 9. Predatory Lending

The Clewises assert a cause of action against BANA for predatory lending. Complaint at 24-25. The Clewises, however, fail to provide any authority that establishes predatory lending as a separate tort cause of action. Therefore, the Court grants BANA's motion to dismiss the Clewises' predatory lending claim.

### 10. Civil Rights

The Clewises allege that BANA's predatory lending practices violated the Clewises' right to due process of law and right to equal protection. These are mere labels and conclusions that do not state a plausible claim for relief. *Twombly*, 127 S. Ct. at 1964-65. Therefore, the Court grants BANA's motion to dismiss this cause of action.

### 11. Common Law Lien

The Clewises allege that they sustain a common law lien on the Property that supercedes any mortgage or equity lien. Complaint at 26. The Clewises, however, have failed to provide any authority that establishes their assertions as a valid cause of action.

Therefore, the Court grants BANA's motion to dismiss on the Clewises' common law lien claim because the Clewises have failed to allege a plausible cause of action.

### 12.    Fraud

The Clewises allege multiple causes of action for fraud. *See* Complaint at 27-29 (titled "CAUSES OF ACTION"). The Clewises, however, have failed to allege fraud with particularity. *See* Fed. R. Civ. P. 9. Moreover, the alleged fraud is based on the allegations in the previous causes of action, such as fraud due to predatory lending practices. Complaint at 28. The Clewises fail to allege a plausible causes of action for fraud because the underlying causes of action are not plausible. Therefore, the Court grants BANA's motion to dismiss the Clewises' causes of action for fraud.

## B.    Motion for Summary Judgment

The Clewises motion for summary judgment fails for numerous reasons. First, they failed to make their motion in a separate brief. *See* Local Rule 7. Second, they failed to show that they are entitled to judgment as a matter of law or that there exists no question of fact as to the claims they have asserted. *See* Fed. R. Civ. P. 56. Therefore, the Court denies the Clewises' motion for summary judgment.

## C.    Relief

When granting a motion to dismiss, claims that are not based on a proper legal theory should be dismissed without leave to amend. *Keniston*, 717 F.2d at 1300. The Court, however, should allow pro se plaintiffs an opportunity to amend claims that fail for lack of sufficient factual allegations. *Id.*; *see also Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.).

In this case, the Court finds that all but one of the Clewises' claims are either not based on a proper legal theory or cannot be saved by any amendment. The sole exception

is the Clewises' RESPA violation that is based on the allegation that BANA failed to respond to a qualified written request. Therefore, the Clewises may file an amended complaint that sets forth a short and plain statement of allegations that support this cause of action.

## IV. ORDER

Therefore, it is hereby **ORDERED** that BANA's motion to dismiss (Dkt. 17) is **GRANTED** and the Clewises' motion for summary judgment (Dkt. 19) is **DENIED**. The Clewises' claims are **DISMISSED with prejudice**, except for the Clewises' claim that BANA violated RESPA by failing to respond to a qualified written request. The Clewises may amend their complaint as to this claim only. The amended complaint shall be filed no later than October 21, 2011. Failure to file the amended complaint may result in dismissal of this action. The addition of any other claim or cause of action may, if appropriate, result in the Court striking that portion of the amended complaint.

DATED this 6th day of October, 2011.

BENJAMIN H. SETTLE
United States District Judge