UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK S. CLEWIS and PATRICIA E. CLEWIS,

    Plaintiffs,

    v.

BANK OF AMERICA N.A., and BAC HOME LOANS SERVICING, LP,

    Defendants.

CASE NO. C11-5077BHS

ORDER DISMISSING PLAINTIFFS' CLAIM, DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION, AND NOTING PLAINTIFFS' MOTION TO AMEND

This matter comes before the Court on the Order granting Defendant Bank of America N.A.'s, for itself and as successor by merger with Defendant BAC Home Loans Servicing LP ("BAC") (collectively "BANA"), motion to dismiss (Dkt. 21) and Plaintiff Patrick and Patricia Clewis' ("Clewises") motion for reconsideration (Dkt. 23). The Court has reviewed the briefs filed in support of and in opposition to the motions and the remainder of the file and hereby dismisses the Clewises' remaining claim, denies the Clewises' motion for reconsideration, and notes the Clewises' motion to amend for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On January 27, 2011, the Clewises filed a complaint against BANA alleging various violations of federal and state laws originating from a mortgage transaction. Dkt. 1 ("Complaint").

ORDER - 1

On August 23, 2011, BANA filed a motion to dismiss or, in the alternative, a more definite statement. Dkt. 17. On October 6, 2011, the Court granted the motion and allowed the Clewises' an opportunity to amend their complaint. Dkt. 21. On October 11, 2011, the Clewises filed a pleading in support of their objection to BANA's motion. Dkt. 22. On November 9, 2011, the Clewises filed a motion for reconsideration of the Court's order. Dkt. 23.

## II. FACTUAL BACKGROUND

On or about February 21, 2008, the Clewises obtained a $417,000 mortgage loan ("Loan") to finance the purchase of real property located at 15229 Glacier Vista Lane SE, Yelm, Washington 98597 (the "Property"). Complaint at 36. The Deed of Trust securing the Loan to the Property identifies the Clewises as the borrowers, Ward Lending Group, LLC ("Ward Lending") as the Lender, First America Title Insurance Company as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. Dkt. 18, Declaration of William K. Rasmussen ("Rasmussen Decl.") Ex. A ("Deed of Trust").

On October 25, 2010, MERS recorded a Corporation Assignment of Deed of Trust in Thurston County under Auditor No. 4178440, evidencing the transfer of its beneficial interest in the Deed of Trust to BAC. Rasmussen Decl. Ex. B ("Corporation Assignment of Deed of Trust"). BAC then executed an Appointment of Successor Trustee naming ReconTrust Company, N.A. ("ReconTrust") successor trustee under the Deed of Trust; the Appointment was recorded in Thurston County under Auditor No. 4178441. Rasmussen Decl. Ex. C ("Appointment of Successor Trustee").

BANA claims that the Clewises have defaulted on payments due pursuant to the Loan. Dkt. 17 at 3. On November 3, 2010, ReconTrust recorded a Notice of Trustee's Sale in Thurston County under Auditor No. 4179750, scheduling a sale of the Property for February 4, 2011. Rasmussen Decl. Ex. D ("Notice of Trustee's Sale"). The notice references total arrears of $47,405.84 and ongoing default since September 2009. *Id*. at 2.

A sale of the Property has not taken place, and the Notice of Trustee's Sale recorded in November 2010 has expired by operation of the Washington Deed of Trust Act ("DTA"). *See* RCW 61.24.040(6) (a trustee may "continue the sale for a period or periods not exceeding a total of one hundred twenty days").

## III.  DISCUSSION

**A.    Reconsideration**

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

In this case, the Clewises fail to establish any basis for the Court to reconsider its previous order. The Clewises do not show a manifest error or law, and they have not submitted new facts or legal authority that could have been brought to the Court's attention earlier. Therefore, the Court denies their motion for reconsideration.

**B.    Complaint**

The Court should allow pro se plaintiffs an opportunity to amend claims that fail for lack of sufficient factual allegations. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983); *see also Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.).

In this case, the Court granted BANA's motion to dismiss and allowed the Clewises an opportunity to amend their complaint. *See* Dkt. 21. The Clewises failed to submit an amended complaint or assert sufficient allegations to support their remaining

ORDER - 3

claim for a violation of the Real Estate Settlement Procedures Act ("RESPA"). Therefore, the Court grants BANA's motion to dismiss this claim.

The Clewises, however, filed a brief that references an action brought by the Washington State Attorney General against ReconTrust and BANA. Dkt. 22. Some of the allegations are that ReconTrust, the trustee performing BANA's nonjudicial foreclosure actions, is a wholly-owned subsidiary of BANA and fails to maintain a presence in the state. Reading the brief liberally and considering the fact that the Clewises are proceeding pro se, the Court will consider the brief as a motion to amend the complaint and will note the motion for December 2, 2011. BANA may file a response no later than November 29, 2011. The Clewises may file a reply no later than December 2, 2011.

## IV. ORDER

Therefore, it is hereby **ORDERED** the Clewises' RESPA claim is **DISMISSED**; the Clewises' motion for reconsideration (Dkt. 23) is **DENIED**; and the Clewises' motion to amend (Dkt. 22) is noted for consideration on the Court's December 2, 2011 calendar.

DATED this 14th day of November, 2011.

_____
BENJAMIN H. SETTLE
United States District Judge